DeeAn Gillespie (#009987)
GILLESPIE, SHIELDS & DURRANT, P.L.C.
7319 North 16th Street, Suite 100
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Joe And Misun Gillespie**, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>**J.R. Brothers Financial, Inc**.; an Arizona corporation; **Arrowhead Anesthesia Physicians, P.C.**, an Arizona corporation; **Dr. Paul D. Montanarella And Jane Doe Montanarella**; husband and wife; **John And Jane Does I-V,** husband and wife; **Black And White Business Entities I-V**, corporations.<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Joe and Misun Gillspie, ("Plaintiffs"), for their Complaint against Defendants, allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs JOE GILLESPIE and MISUN GILLESPIE, husband and wife, reside in Maricopa County, Arizona.

2. Defendant J.R. BROTHERS FINANCIAL, INC., ("J.R. BROTHERS") is an Arizona Corporation doing business as a debt collection agency in Maricopa County, Arizona.

3. Defendant ARROWHEAD ANESTHESIA PHYSICIANS, P.C., ("ARROWHEAD") is an Arizona Professional Corporation doing business in Maricopa County, Arizona as a health care provider of anesthesia services.

1

4. Defendant PAUL D. MONTANARELLA ("DR. MONTANARELLA") is an Arizona anesthesiologist practicing in Maricopa County, Arizona and is the owner and also an officer and director of ARROWHEAD.  The acts of DR. MONTANARELLA were for the benefit of and bind the marital community of DR. MONTANARELLA and JANE DOE MONTANARELLA.  As soon as Plaintiffs ascertain the true identity of JANE DOE MONTANARELLA, Plaintiffs will move to Amend this Complaint to include her true name.

5. JOHN and JANE DOES I-V and BLACK and WHITE business entities I-V, are individuals or business entities whose true identities are unknown to Plaintiffs at this time but who are liable for the acts alleged in this Complaint.  Once Plaintiffs identify these Defendants, leave of Court will be sought to add them by name.

6. This action is brought under 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA") and The Truth In Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA") Jurisdiction of this Court over this action and the parties hereto is based on Federal statutes, including the TILA and 15 U.S.C. § 1681p (FCRA). Venue lies in the Phoenix Division of the District of Arizona where Plaintiff lives and where the claims arose from acts of Defendants. Plaintiffs also include claims under the Arizona Fair Credit Reporting Act, ARS § 44-1591 *et. seq*. and common law claims.

**GENERAL ALLEGATIONS**

7. Plaintiffs incorporate by reference all allegations in this Complaint as if fully set forth herein.

8. On April 8, 2008, Plaintiff JOE GILLESPIE suffered a medical emergency and was admitted to the emergency room and then the Intensive Care Unit at John C. Lincoln Hospital.

9. ARROWHEAD, through the work of DR. MONTANARELLA, intubated Plaintiff JOE GILLESPIE's and put him on a ventilator.

2

10. DR. MONTANARELLA and ARROWHEAD mistakenly and improperly billed this procedure with Plaintiff's insurance company, Humana, as an "outpatient" procedure instead of as an "emergency" procedure.

11. Because of this mistake in billing, Plaintiff's insurance company, Humana, would not pay ARROWHEAD's bill.

12. Humana informed Plaintiff that it would pay the bill if ARROWHEAD would re-submit the bill as an emergency procedure.

13. From April 2008 through March of 2009 Plaintiff repeatedly informed ARROWHEAD that it needed to re-submit the bill as an emergency procedure so that Humana would pay for it.

14. Despite Plaintiff's demands to correct the billing ARROWHEAD continued to bill the procedure as "outpatient" instead of as an "emergency," and Humana did not pay the bill.

15. In approximately April of 2009, ARROWHEAD sent the bill to Defendant J.R. BROTHERS, a debt collection agency.

16. J.R. BROTHERS became the agent for ARROWHEAD and DR. MONTANARELLA in collecting on this alleged debt.

17. In approximately April of 2009, J.R. BROTHERS, on behalf of ARROWHEAD, reported this alleged ARROWHEAD debt to the credit reporting agencies and this alleged debt was placed on Plaintiff JOE GILLESPIE's credit report.

18. In April of 2009, Plaintiff JOE GILLESPIE sent a letter to Defendant J.R. BROTHERS and disputed the debt.

19. From May 2009 through April of 2011, Plaintiff JOE GILLESPIE continued to receive collection letters from J.R. BROTHERS and he continued to dispute the debt.

20. Plaintiff JOE GILLESPIE never received verification of the debt after he disputed it.

3

21.     In August of 2011, Plaintiffs received a letter from Humana in the form of an Explanation of Benefits informing Plaintiffs that it had paid the bill from ARROWHEAD.

22.     In September of 2011, Plaintiff JOE GILLESPIE contacted ARROWHEAD and ARROWHEAD verified that its bill had been paid in full and no outstanding amounts were owed.  ARROWHEAD told JOE GILLESPIE that the debt should have been recalled from collection sometime ago and they would recall it again.   ARROWHEAD thereafter sent Plaintiff a copy of a statement showing a zero balance.

23.     JOE GILLESPIE thereafter disputed the debt through the credit reporting agencies' online dispute process.

24.     J.R. BROTHERS received notice of this dispute from the credit reporting agencies.

25.     In October 2011, despite ARROWHEAD having been paid and this debt having been supposedly recalled from collection by ARROWHEAD, Defendant J.R. BROTHERS reported to the credit reporting agencies that J.R. BROTHERS reconfirmed the ARROWHEAD debt and that it was a valid debt.

26.     In October 2011, J.R. BROTHERS sent Plaintiff JOE GILLESPIE another dunning letter to which Plaintiff responded in frustration that the debt was not valid, he did not owe the debt and not to contact him again.

27.     In addition, around this same time period of October 2011, Defendant J.R. BROTHERS reported and added this alleged debt to Plaintiff MISUN GILLESPIE's credit report indicating it was an unpaid debt after it had been paid in full and J.R.BROTHERS had been given specific notice many times that there was no debt to collect.

28.     Plaintiff MISUN GILLESPIE never received notice from Defendant J.R. BROTHERS or ARROWHEAD that this adverse credit item had been reported on her credit report.

29. In March of 2012, Plaintiff MISUN GILLESPIE discovered that this alleged debt had been reported on her credit report and Plaintiffs disputed the item with Defendant J.R. BROTHERS financial and the credit reporting agency.

30. In March of 2012, Plaintiff JOE GILLESPIE again contacted ARROWHEAD and ARROWHEAD informed JOE GILLESPIE that the debt had been recalled from collection "some time ago" and that there was a zero balance owing.

31. ARROWHEAD continued to have its agent, J.R. BROTHERS seek to collect on this debt despite that it had been paid because ARROWHEAD failed to take effective action to ensure that its agent, J.R. BROTHERS, ceased collection activities on this debt.

32. Without conducting any reasonable investigation, Defendant J.R. BROTHERS reconfirmed the ARROWHEAD debt as a valid debt with the credit reporting agencies.

33. On approximately March 20, 2012, ARROWHEAD faxed to JOE GILLESPIE a statement showing that the full payment had been made to ARROWHEAD in early September of 2011.

34. In the Spring of 2012, Plaintiffs were in the process of purchasing a home.

35. Because of the incorrect and invalid debt to ARROWHEAD that was reported and not reasonably investigated or removed by J.R. BROTHERS on Plaintiffs' credit reports, Plaintiffs were turned down for a required prequalification letter and also had several offers on homes rejected because Plaintiffs were unable to obtain conventional financing and were only able to obtain FHA financing.

36. The adverse credit report significantly delayed Plaintiff's home purchase and occurred at a time when home prices in the North Central Phoenix area were rapidly rising.

37. Plaintiffs could have purchased a home for price that was much less than what they ended up with because of delays caused by the incorrect and adverse debt reported by J.R. BROTHERS to credit reporting agencies.

38. In addition, when Plaintiffs did purchase a home, they were not able to qualify for the best interest rate and had to pay a higher interest rate of 4.25% because of the drop in Plaintiffs' credit score due to this improper debt reported by J.R. BROTHERS.

39. Plaintiffs have suffered mental anguish, emotional distress (resulting in health problems for Plaintiff JOE GILLESPIE) as a result of Defendants' actions.

40. Defendants' actions were willful, wanton, and malicious.

41. On information and belief, DR. MONTANARELLA is liable for the tortious acts of ARROWHEAD as described herein given that he either authorized or participated in the wrongful and/or tortious conduct of ARROWHEAD and/or ARROWHEAD is the alter ego of DR. MONTANARELLA sufficient to pierce the corporate veil.

## COUNT I

## VIOLATION OF FAIR CREDIT REPORTING ACT

### (Against Defendant J.R. Brothers Financial, Inc.)

42. Plaintiffs reallege all allegations in this Complaint as if fully stated herein.

43. J.R. BROTHERS violated the Fair Credit Reporting Act ("FCRA") when it failed to conduct a reasonable investigation with respect to the ARROWHEAD debt after receiving notice that Plaintiffs disputed the debt as required by 15 U.S.C. § 1681 s-2(b).

44. J.R. BROTHERS violated the FCRA when it failed to report to the debt collection agencies that the information provided was inaccurate; when it failed to delete the debt with the consumer reporting agencies, and when it failed to permanently block the reporting of the Arrowhead debt as required by 15 U.S.C. § 1681 s-2(b).

45. J.R. BROTHERS' violation of the FCRA was both willful and negligent pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

46. As a result of J.R. BROTHERS' violation of the FCRA, Plaintiffs have been significantly damaged.

47. Plaintiffs' damages include that they were delayed in purchasing a home which resulted in Plaintiff's paying approximately $50,000 more for a home because of the increase in home values.

48. Plaintiffs were also damaged in that they could not qualify for the lowest interest rate of 3.55% which resulted in damages of approximately $24,000.00.

49. Plaintiffs have suffered mental anguish and severe emotional distress resulting in health problems for Plaintiff JOE GILLESPIE in an amount to be proven at trial but no less than $50,000.00.

50. Given the willful noncompliance by Defendant J.R. BROTHERS, Plaintiffs are entitled to recover punitive damages in an amount to be proven at trial but no less than $500,000. *See* 15 U.S.C. § 1681n(a)(2).

51. Plaintiffs are entitled to recovery of their reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2).

## COUNT II
## NEGLIGENCE
### (Against All Defendants)

53. Plaintiffs reallege all allegations in this Complaint as if fully stated herein.

54. Defendants DR. MONTANARELLA and ARROWHEAD had a duty to Plaintiffs to bill Plaintiffs' insurance company correctly so that the emergency procedure would be covered by insurance.

55. Defendants DR. MONTANARELLA and ARROWHEAD breached this duty when it continued to improperly bill Plaintiffs insurance company despite repeated communications by Plaintiffs of the error.

56. Defendants DR. MONTANARELLA and ARROWHEAD had a duty to Plaintiffs to make sure that its agent, J.R. BROTHERS, would not continue to pursue debt collection activities on this debt and would not report to credit reporting agencies that Plaintiffs owed this debt after the debt had been paid.

7

1  57. Defendants DR. MONTANARELLA and ARROWHEAD breached this 2 duty when, after the bill was paid by Humana, they failed to make sure that its agent J.R. 3 BROTHERS ceased collection activities and ceased reporting that the debt was owed to 4 credit reporting agencies.

5  58. All of the Defendants had a duty to Plaintiffs that they would not 6 wrongfully seek collections on an invalid debt against Plaintiffs and that they would not 7 report wrongful, inaccurate, and false information about any debt allegedly owed by 8 Plaintiffs to each other or to any debt collection agency.

9  59. Defendants negligently breached this duty by wrongfully seeking 10 collections against an invalid debt and by wrongfully, maliciously, and willfully reporting 11 false and inaccurate information about Plaintiffs' alleged debt to debt collection agencies.

12  60. As a direct and proximate result of Defendants' negligence and willful and 13 malicious actions, Plaintiffs have been damaged in an amount to be proven at trial which 14 damages are set forth in paragraphs 48 through 51 of this Complaint.

15  61. Punitive damages are justified given the willful, wanton, and malicious 16 nature of Defendants' conduct.

## COUNT III
## DEFAMATION
### (Against all Defendants)

20  62. Plaintiffs reallege all allegations in this Complaint as if fully stated herein.

21  63. Defendants have published false information about Plaintiffs that has 22 brought Plaintiffs into disrepute, contempt, or ridicule and which has impeached 23 Plaintiffs' honesty, integrity, virtue, and reputation.

24  64. Defendants have published false information about Plaintiffs knowing that 25 the statements were false and that they were defamatory; or acting with reckless disregard 26 as to the published information; or acting negligently in failing to ascertain that these 27 publications were false.

28

65. On information and belief, Defendants DR. MONTANARELLA and ARROWHEAD have published to J.R. BROTHERS that Plaintiffs owed a debt to ARROWHEAD when that debt had already been paid.

66. J.R. BROTHERS published to the credit reporting agencies that Plaintiffs owed a debt to its principal, ARROWHEAD, when that debt had already been paid.

67. As a direct result of these defamatory and false publications, Plaintiffs have been damaged in an amount to be proven at trial and which damages are explained in paragraphs 48 through 51 of this Complaint.

68. Given the malicious, wanton, and willful nature of Defendants' actions, Plaintiffs are entitled to punitive damages.

## COUNT IV

## VIOLATION OF THE TRUTH IN LENDING ACT

69. Plaintiffs reallege all prior allegations in this Complaint as if fully stated herein.

70. The Truth in Lending Act ("TILA) Regulation Z provides that if the creditor maintains that the disputed charge is valid, the creditor "[may] not report that an amount or account is delinquent because the amount due …remains unpaid, if the creditor receives further written notice from the consumer that any portion of the billing error is still in dispute, unless the creditor also…[p]romptly reports that the amount of account is in dispute." 12 C.F.R. § 226.13 (q)(4)

71. Despite its legal obligation to report correctly, Defendants refused to do so in violation of the TILA.

72. Defendants are liable to Plaintiffs for all remedies available under the TILA.

## COUNT V

## VIOLATION OF A.R.S § 44-1695

73. Plaintiffs reallege all prior allegations in this Complaint as if fully stated herein.

9

74. Defendants were grossly negligent in reporting and refusing to correct their erroneous reporting of Plaintiffs' credit as required by ARS § 12-1694.

75. Defendants are liable to Plaintiffs under ARS §§1694 and 1695 for compensatory and punitive damages incurred by Plaintiffs as the result of their grossly negligent behavior, reasonable attorneys fees and court costs.

WHEREFORE, Plaintiffs pray for judgment against Defendants DR. PAUL D. MONTANARELLA and JANE DOE MONTANATRELLA, ARROWHEAD ANESTHESIA PHYSICIANS, P.C., and J.R. BROTHERS FINANCIAL, INC. as follows:

    a.    Compensatory damages in an amount to be proven at trial, but no less than $224,000.

    b. Punitive damages in an amount to be found by the trier of facts, but which should be in an amount that will discourage others from similar chicanery;

    c.    An award of costs and reasonable attorneys' fees;

    d.    For such other and further relief as this Court deems just and appropriate.

DATED this 14th day of August, 2013.

GILLESPIE, SHIELDS & DURRANT

/s/ Dan M. Durrant
Dan M. Durrant
DeeAn Gillespie
7319 North 16th Street, Suite 100
Phoenix, Arizona 85020
*Attorneys for Plaintiffs*